UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LOREN WAYNE TIDWELL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>EDWIN BUSS, )<br>)<br>Respondent. ) | CAUSE NO. 3:07-CV-254 WL |

OPINION AND ORDER

Loren Wayne Tidwell, a *pro se* prisoner, filed this habeas corpus petition challenging his 90 day loss of good time on February 8, 2007 by the Disciplinary Hearing Board (DHB) at the Indiana State Prison. Mr. Tidwell was found guilty of unauthorized use of controlled substances in violation of A-112. Mr. Tidwell presents five grounds challenging the finding of guilt, but the first two merely restate the same claim.

Mr. Tidwell requested an "expert toxicologist or chemist report on authorized prescribed medications that I had been taking and examination of known and published cross-reactivity and false positive urine testing results." Petition at 4. The DHB refused. Though *Wolff v. McDonnell*, 418 U.S. 539 (1974) permits inmates the right to present evidence, testing is not presenting evidence – it is creating it. That is to say, no expert toxicologist or chemist report existed to be introduced at the hearing. What Mr. Tidwell requested was that experts be hired to conduct tests and write a report for him so that he could introduce it. An inmate is not constitutionally entitled to such experts and testing as a part of a disciplinary hearing. *Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("He intimates that he should be allowed to take a polygraph examination which addresses the

question of whether he participated in planning or furthering an escape. We hold that Freitas was not entitled to a polygraph examination on this issue.").

Mr. Tidwell next argues that the hearing should have been postponed to obtain the report of an expert. As previously explained, he was not entitled to such a report. Furthermore, though *Wolff v. McDonnell*, 418 U.S. 539 (1974) requires that inmates receive advance written notice of the factual basis of the charges against them, it does not require postponements once adequate notice has been given.

> *Baxter v. Palmigiano*, 425 U.S. 308 (1976), warns the courts of appeals not to add to the procedures required by *Wolff*, which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners. Indiana has played by the rules articulated in *Wolff*.

*White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001).

Mr. Tidwell argues that the DHB was not impartial because they did not grant him a postponement to obtain the report previously discussed. In addition to not being entitled to either the report or a postponement, Mr. Tidwell misunderstands the requirement of impartiality. Though *Wolff v. McDonnell*, 418 U.S. 539 (1974) requires an impartial decision maker, this right is violated when the decision maker is substantially involved in the investigation of the charges against the inmate. *See Merritt v. De Los Santos*, 721 F.2d 598, 601 (7th Cir. 1983) ("[I]mpartiality mandates the disqualification of an official who is directly involved in the incident or is otherwise substantially involved in the incident . . ..") Mr. Tidwell does not charge that any member of the DHB was in any way involved in the formal investigation of the charges against him. He only notes that they did not agree that they needed the expert report that he wanted produced. They were correct that such a report need not be generated and this is not basis for a finding of partiality.

Finally, Mr. Tidwell argues that he was denied due process because his first level appeal was not signed. Though *Wolff v. McDonnell*, 418 U.S. 539 (1974) requires that the decision maker provide written findings, it did not provide for any right to appeal nor that appeal decisions be signed. Furthermore, the lack of a first level signature did not deprive him of the ability to appeal to the Final Reviewing Authority. *See* Petition at ¶¶ 10 and 11. Therefore even if the lack of a signature were to constitute error, it would be harmless error in this case.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4. For the foregoing reasons, the court **DENIES** this petition pursuant to Section 2254 Habeas Corpus Rule 4.

SO ORDERED.

ENTERED: July  25 , 2007

 s/William C. Lee  
William C. Lee, Judge  
United States District Court